UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO GONZALEZ, | ) | Case No. 3:11CV2500, and, |
| | ) | Case No. 3:12CV1636 |
| Petitioner | ) | [consolidated] |
| | ) | |
| v. | ) | JUDGE PATRICIA GAUGHAN |
| | ) | (Mag. Judge Kenneth S. Mchargh) |
| | ) | |
| KEITH SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Antonio Gonzalez ("Gonzalez") filed a petition for a writ of habeas corpus concerning his 2010 conviction for felonious assault in the Lucas County Court of Common Pleas. (Doc. 1 in Case no. 3:11CV2500.) Gonzalez indicated on his petition that he was challenging his conviction in state case number G-4801-CR-0200502477-000. Id. at § 1.(b).

Subsequently, Gonzalez filed another petition for a writ of habeas corpus concerning a related 2010 conviction for four counts of rape in the Lucas County Court of Common Pleas. (Doc. 1 in Case no. 3:12CV1636.) Gonzalez indicated on the second petition that he was challenging his conviction in state case number G-4801-CR-0200502306-000. Id. at § 1.(b). For simplicity's sake, this court will refer

to Case No. CR–2005–2306 (four counts of rape) as "the 2306 case," and Case No. CR–2005–2477 (felonious assault) as "the 2477 case."

Gonzalez filed motions to consolidate the two habeas petitions, which were granted by the court. (Doc. 5, 7 in Case no. 3:11CV2500; doc. 8, 11 in Case no. 3:12CV1636.)

In each petition, Gonzalez raises the same seven grounds for relief:

1. The pleas as to the four Rape counts in Case No. CR-2005-2306 and as to the Felonious Assault count in Case No. 2005-2477 were not knowing, intelligent, and voluntary.

2. The indictment in Case No. CR-2005-2306 was too vague, so as to deny to Mr. Gonzalez due process of law, including the right to protection from twice being in jeopardy for the same offense.

3. The four counts of Rape in Case No. CR-2005-2306 should have merged as one single conviction, and the one count of Felonious Assault in Case No. 2005-2477 should have merged into the same.

4. Mr. Gonzalez was denied the effective assistance of counsel.

5. The "Alford" pleas as to all four counts of Rape in Case No. CR-2005-2306 and as to the one count of Felonious Assault in Case No. 2005-2477 were improperly accepted for lack of review of the weight of the evidence and for lack of a real reduction of the degree of the charge.

6. Mr. Gonzalez's sentences are unconstitutional because they violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

7. [Ohio Rev. Code] § 2903.11(B)(3) is unconstitutional for violation of the federal right to Equal Protection.

(Doc. 1, § 12; doc. 1, § 12.)

The respondent has filed a 68-page Return of Writ to each of the petitions. (Doc. 4 in Case no. 3:11CV2500; doc. 9 in Case no. 3:12CV1636.) Counsel for respondent is admonished to abide by the Local Rules of this court, which provide that, without good cause shown, memoranda in cases such as this must not exceed twenty (20) pages. Local Rule 7.1(f). In addition, any memorandum over fifteen (15) pages must have a table of contents, a table of authorities cited, a brief statement of the issue(s) to be decided, and a summary of the argument presented. LR7.1(f). Lacking the requisite brief statement of issues, or the summary of arguments presented, the court eventually learns, on page 25, that the respondent contends that the petition should be denied as untimely. (Doc. 4, at 25, in Case no. 3:11CV2500; doc. 9, at 25, in Case no. 3:12CV1636.)

Gonzalez has filed a Traverse to each Return. (Doc. 6 in Case no. 3:11CV2500; doc. 10 in Case no. 3:12CV1636.)

The respondent filed the state record for both state cases as Exhibits to the Return of Writ. See generally doc. 4 in Case no. 3:11CV2500. In its Order consolidating the habeas cases, this court ordered filings to be made in the lead case (Case no. 3:11CV2500) only. (Doc. 11 in Case no. 3:12CV1636.) Henceforth, references to the docket herein will refer to those filed in Habeas Case 2500, unless otherwise specified.

I. FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural background:

> Appellant was indicted for the rape and felonious assault of his wife's five-year old niece. The indictments were brought in two Lucas County Common Pleas cases, numbered CR-0200502306-000 and CR-0200502477-000, respectively. In case number CR-0200502306-000, the indictment charged appellant with four counts of rape, in violation of R.C. 2907.02(A)(1)(b). In case number CR-0200502477-000, the indictment charged appellant with a single count of felonious assault, in violation of R.C. 2903.11(B)(3). Although the two cases were never officially consolidated, they were assigned to the same trial court judge pursuant to Lucas County Common Pleas Court local rules.
>
> On November 7, 2005, appellant withdrew his former pleas of not guilty to all of the charges, and entered pleas of guilty to four counts of rape, as amended by the state of Ohio, and to a single count of felonious assault, as originally charged. The guilty pleas were all entered pursuant to North Carolina v. Alford (1970), 400 U.S. 25. The trial court accepted appellant's pleas and made findings of guilt based upon the state of Ohio's statement of the evidence that would have been presented had the matter gone to trial.

(Doc. 4, RX 23, at 1-2; State v. Gonzalez, Nos. L-06-1047, L-06-1048, 2006 WL 3525390, at *1 (Ohio Ct. App. Dec. 8, 2006).

A later panel of the state court of appeals provided an updated procedural background:

> On November 9, 2005, appellant entered an Alford plea to the lesser included rape charges, which did not carry a mandatory life sentence. Appellant also entered an Alford plea to the felonious-assault charge. On January 17, 2006, appellant was sentenced to maximum, consecutive sentences for a total of 48 years of imprisonment.
>
> On appeal, this court affirmed appellant's convictions but, pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,

remanded the matter for resentencing. See State v. Gonzalez, 6th Dist. No. L–06–1048, 2006-Ohio-6458, 2006 WL 3525390 ("Gonzalez I ").

Relying on State v. Foster, appellant filed motions to withdraw his plea in both cases. Appellant contended that because his sentence had been vacated, his motion should be treated as a presentence motion and the more liberal standard applied.

At appellant's May 25, 2007 resentencing, the trial court first denied appellant's motions to withdraw his plea. The court then ordered that two of the imprisonment terms for the rape convictions be served concurrently, thus reducing the total sentence from 48 to 38 years. Appellant again appealed.

On appeal, appellant's counsel requested that he be permitted to withdraw pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Upon review, we agreed that there were no meritorious issues for review and affirmed appellant's sentence. See State v. Gonzalez, 6th Dist. No. L–07–1202, 2008-Ohio-6175, 2008 WL 5050386 ("Gonzalez II ").

On December 9, 2008, appellant, pro se, filed a motion to vacate or set aside his conviction and sentence on the rape counts, arguing that the indictment failed to specify the mens rea for the offenses. Appellant argued that the Supreme Court of Ohio's decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, required that the indictment specify the reckless mental state.

On August 31, 2009, appellant, represented by counsel, filed a motion to correct his "void" sentences in the rape and felonious-assault cases. Appellant based his arguments on the Supreme Court of Ohio cases of State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. As to Baker, appellant argued that the final judgment entry was void because it failed to include that the matter was resolved by way of a plea. As to Bezak, appellant contended that his sentence was void because the trial court failed to properly notify him of his postrelease-control obligations. The state opposed the motion.

On May 24 and June 1, 2010, the trial court entered nunc pro tunc judgment entries that addressed the Baker issue, denied appellant's 2007 motions to withdraw his guilty pleas, and reiterated that appellant was notified of his postrelease-control obligations.

5

(Doc. 4, RX 43, at 2-4; State v. Gonzalez, 193 Ohio App.3d 385, 389-391, 952 N.E.2d 502, 505-506 (Ohio Ct. App. 2011).

 In his consolidated appeal, Gonzalez had filed fourteen assignments of error:

 1.  The sentences for each of the four counts of Rape in Case No. CR–2005–2306 are void for failure to properly impose post release control, as a result of which they should be deemed void and the matter remanded for a de novo re-sentencing.

 2.  The sentence for the Felonious Assault in Case No. CR–2005–2477 is void for failure to properly impose post release control, as a result of which it should be deemed void and the matter remanded for de novo re-sentencing.

 3.  The Trial Court improperly denied the motion of the defense to withdraw all pleas in Case No. CR–2005–2306 by ruling on these with no standard or an improper standard rather than the pre-sentencing standard, such that remand for reconsideration of these motions is required.

 4.  The trial court improperly denied the motion of the defense to withdraw plea is Case No. CR–2005–2477 by ruling on these with no standard or an improper standard rather than the pre-sentencing standard, such that remand for reconsideration of these motions is required.

 5.  The pleas as to the four Rape counts in Case No. CR–2005–2306 were not knowing, intelligent, and voluntary.

 6.  The plea as to the Felonious Assault count in Case No. CR–2005–2477 was not knowing, intelligent, and voluntary.

 7.  The Indictment in Case No. CR–2005–2306 was too vague, so as to deny to Mr. Gonzalez due process of law, including the right to presentment and the right to protection from twice being in jeopardy for the same offense.

 8.  The four counts of Rape in Case No. CR–2005–2306 should have been merged as one single conviction, and the one count of Felonious Assault in Case No. CR–2005–2477 should have been merged into the same.

> 9. Mr. Gonzalez was denied the effective assistance of counsel.
>
> 10. The Alford pleas as to all four counts of Rape in Case No. CR–2005–2306 were improperly accepted for lack of review of the weight of the evidence and for lack of a real reduction of degree of the charge.
>
> 11. The Alford plea to one count of Felonious Assault in Case No. CR–2005–[2477] was improperly accepted for lack of review of the weight of the evidence and for lack of reduction of degree of the charge.
>
> 12. Mr. Gonzalez's sentences are unconstitutional because they violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 13. The indictment in Case No. CR–2005–2306 violated the Colon doctrine.
>
> 14. R.C. 2903.11(B)(3) is unconstitutional for violation of the federal right to Equal Protection.

(Doc. 4, RX 39.) The state court of appeals affirmed the judgment(s) of the trial court. (Doc. 4, RX 43; Gonzalez, 193 Ohio App.3d 385, 952 N.E.2d 502.)

Gonzalez appealed that decision to the Supreme Court of Ohio, raising the following seven propositions of law:

> 1. The pleas as to the four Rape counts in Case No. CR-2005-2306 and as to the Felonious Assault count in Case No. 2005-2477 were not knowing, intelligent, and voluntary.
>
> 2. The indictment in Case No. CR-2005-2306 was too vague, so as to deny to Mr. Gonzalez due process of law, including the right to presentment and the right to protection from twice being in jeopardy for the same offense.
>
> 3. The four counts of Rape in Case No. CR–2005–2306 should have been merged as one single conviction, and the one count of Felonious Assault in Case No. CR–2005–2477 should have been merged into the same.

> 4.  Mr. Gonzalez was denied the effective assistance of counsel.
>
> 5.  The "Alford" pleas as to all four counts of Rape in Case No. CR–2005–2306 and as to the one count of Felonious Assault in Case No. CR-2005-2477 were improperly accepted for lack of review of the weight of the evidence and for lack of a real reduction of degree of the charge.
>
> 6.  Mr. Gonzalez's sentences are unconstitutional because they violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 7.  R.C. 2903.11(B)(3) is unconstitutional for violation of the federal right to Equal Protection.

(Doc. 4, RX 46.)  On June 22, 2011, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 4, RX 48; State v. Gonzalez, 128 Ohio St.3d 1559, 949 N.E.2d 44 (2011).)

The petition for habeas corpus concerning the 2477 case (felonious assault) was filed on Nov. 17, 2011.  (Doc. 1 in Case no. 3:11CV2500.)  The petition for habeas corpus concerning the 2306 case (rape) was filed on June 25, 2012.  (Doc. 1 in Case no. 3:12CV1636.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

9

III. STATUTE OF LIMITATIONS

The respondent argues that the petitions should be denied as untimely. (Doc. 4, at 25, in Habeas Case 2500; doc. 9, at 25, in Habeas Case 1636.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners who do not pursue direct review all the way to the U.S. Supreme Court, the judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for seeking direct review in state court expires, or the time allowed (90 days) for filing for certiorari expires.[1] Gonzalez v. Thaler, 132 S.Ct. 641, 653-654 (2012). In other words, "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez, 132 S.Ct. at 646.

In these cases, as respondent notes, the state court of appeals affirmed the trial court's resentencing judgment, on Nov. 21, 2008. (Doc. 4, RX 29; State v. Gonzalez, Nos. L-07-1201, L-07-12202, 2008 WL 5050386 (Ohio Ct. App. Nov. 21,

---

[1] However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

2008).) Gonzalez did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Gonzalez's convictions became "final" within the meaning of AEDPA on Jan. 5, 2009. Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 460 (6th Cir. 2012), cert. denied, 133 S.Ct. 141 (2012); Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly, the statue of limitations for filing his habeas petition ordinarily would have expired on Jan. 5, 2010.

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy, 246 F.3d at 517-518; 28 U.S.C. § 2244(d)(2). Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, Souter, 395 F.3d at 585, it will not "revive" the statute, or cause it to begin running anew. Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy, 246 F.3d at 519; Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

The limitations period in these cases ran until Aug. 31, 2009, when Gonzalez filed a "Motion of the defense to correct status of void sentencing entry with request for conference, and Motion for bond release." (Doc. 4, RX 32.) The respondent concedes that this motion for collateral relief tolled the limitations period while it was pending. (Doc. 4, at 22.) This motion, and other pending matters, were addressed by the state court of appeals in its March 2011 ruling. (Doc. 4, RX 43;

11

Gonzalez, 193 Ohio App.3d 385, 952 N.E.2d 502.) The Supreme Court of Ohio denied leave to appeal on June 22, 2011, (doc. 4, RX 48; Gonzalez, 128 Ohio St.3d 1559, 949 N.E.2d 44). The limitations period resumed running, and expired 127 days later, on October 27, 2011.

The habeas petition concerning the 2477 conviction (felonious assault) was not filed until Nov. 17, 2011, (doc. 1 in Case no. 3:11CV2500), and the habeas petition for concerning the 2306 conviction (rape) was not filed until June 25, 2012 (doc. 1 in Case no. 3:12CV1636). Thus, since the statute of limitations had expired as of Oct. 27, 2011, both petitions were untimely filed.

Gonzalez argues that his conviction should be considered "final" as of June 22, 2011 (the date on which the state supreme court denied leave to appeal), on the theory that his conviction, and prior appellate rulings, were "void" until that time. (Doc. 6, at 8-11.) Gonzalez has failed to convince the state courts with several variations on this theme, see, e.g., doc. 4, RX 43; Gonzalez, 193 Ohio App.3d 385, 952 N.E.2d 502, and this court is unconvinced as well. The court finds that the convictions which are challenged by his habeas petitions were "final" on Jan. 5, 2009, at which point the statute of limitations began to run. The 2010 nunc pro tunc judgment entries, for example, do not constitute a new judgment of sentence that restarts the running of the § 2244(d)(1)(A) statute of limitations. Eberle v. Warden, Mansfield Corr. Inst., No. 1:11CV867, 2012 WL 4483066, at *12 (S.D. Ohio Aug. 2, 2012) (citing cases); see also Davis v. Coleman, No. 5:11CV996, 2012 WL

12

967300, at \*6-\*7 (N.D. Ohio Mar. 6, 2012); see generally State v. Lester, 130 Ohio St.3d 303, 310, 958 N.E.2d 142, 149 (2011) (nunc pro tunc entry applies retrospectively to the judgment it corrects, and is not a "new" order).

### A. Equitable Tolling?

Gonzalez also argues that equitable tolling should apply. (Doc. 6, at 11.) He claims that he "clearly lacked notice of the filing requirement," implicitly because counsel believed that his theory of a "void" state judgment would in effect extend the time in which he would be able to file a federal habeas petition. Id. He does not argue that he was unaware that a habeas petition had to be filed within one year after the state conviction became "final."

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 ( 2010). Gonzalez bears the burden of persuading the court that he is entitled to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at \*10 (N.D. Ohio Oct. 13, 2009).

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. Holland, 130 S.Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence, 549 U.S. at 335. The Sixth Circuit has recently recognized that, "under the test articulated by the Supreme Court in Holland, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an

13

extraordinary circumstance caused his untimely filing." Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 750 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012). The Sixth Circuit concluded that "Holland's two-part test has replaced Dunlap's five-factor inquiry[2] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling." Hall, 662 F.3d at 750; see also Patterson v. Lafler, No. 10-1379, 2012 WL 48186, at *2 (6th Cir. Jan. 9, 2012) (Holland is relevant test).

Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. Hall, 662 F.3d at 749 (equitable tolling granted "sparingly"); Souter, 395 F.3d at 590 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

"Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." Holland, 130 S.Ct. at 2563.

In Coleman v. Thompson, the petitioner argued that "it was his attorney's error that led to the late filing of his state habeas appeal." Coleman v. Thompson, 501 U.S. 722, 752 (1991). The Court found that a petitioner must bear the risk of attorney error that results in procedural default. Coleman, 501 U.S. at 752-753.

---

[2] See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).

The Supreme Court has concluded, for example, that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (quoting Holland, 130 S.Ct. at 2564.)

The Sixth Circuit in Harvey v. Jones rejected petitioner's argument that a mistake was reasonable based on a mistaken interpretation of law, an interpretation which found some support in the case law.  The court found that "even reasonable mistakes of law are not a basis for equitable tolling."  Harvey v. Jones, No. 04-2487, 2006 WL 1208066, at *4 (6th Cir. May 2, 2006), cert. denied, 549 U.S. 925 (2006) (quoting Williams v. Sims, 390 F.3d 958, 963 (7th Cir. 2004)). The Sixth Circuit has repeatedly held that ignorance of the law is not sufficient to warrant equitable tolling.  Harvey, 2006 WL 1208066; Allen v. Yukins, 366 F.3d 396, 403 (6th Cir.), cert. denied, 543 U.S. 865 (2004); Jordan v. Bradshaw, No. 3:04 CV 7259, 2005 WL 2233265, at *3  (N.D. Ohio Sept. 13, 2005).

While the diligence with which Gonzalez pursued his rights is arguable, the court finds that Gonzalez has failed to demonstrate that "an extraordinary circumstance" caused the untimely filing of his petition(s).  Equitable tolling cannot be applied in the circumstances of this case.

The habeas petition in Habeas Case 2500 was not filed until Nov. 17, 2011, and the petition in Habeas Case 1636 was not filed until June 25, 2012.  Because

15

the statute of limitations had expired as of Oct. 27, 2011, both petitions were untimely filed, and the petitions should be denied as untimely.

## RECOMMENDATION

It is recommended that the petitions for writ of habeas corpus be denied.

Dated:  Apr. 22, 2013              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).